UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                             22-cr-396 (PKC)

    -against-                OPINION
                            AND ORDER

BRIJESH GOEL,

          Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Trial of this action has been scheduled for June 12, 2023, at 10:00 a.m. (Minute Entry of Nov. 17, 2022.) Defendant Brijesh Goel moves for various forms of relief against the government because the government issued—without prior Court approval and without a trial date yet scheduled—ten subpoenas duces tecum for documents to be produced by third parties. The subpoenas have been withdrawn and the motion will be denied.

    Goel learned that the government had served a subpoena upon UC Berkeley for certain records relating to his attendance as a student. The subpoena was dated July 28, 2022, and referred to an "Appearance" time, date, and place. No trial date had been set, and the "Appearance Date" was the date of a scheduled conference before the Court. Because only documents were sought, no physical appearance was required.

    The government subsequently disclosed that it had served ten subpoenas untethered to a trial date. The government advances no argument that the subpoenaed material was for use at the conference, but it had a good faith belief that the defense would be seeking an early trial date at that conference. It now concedes that "it would have been better practice to defer issuance of the subpoena until a trial date was set." (Gov't Mem. at 1.)

The government agreed to withdraw all ten subpoenas, which it has done. The government identified the ten entities to which it issued these subpoenas—nine of which responded—and represents that it shared all produced documents with the defendant.

A subpoena issued pursuant to Rule 17, Fed R. Crim. P., is commonly referred to as a trial subpoena. The text of the Rule, however, allows for production before trial:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c)(1), Fed. R. Crim. P. The plain text of Rule 17(c)(1) provides that a subpoena may require that "the witness produce the designated items in court before trial," and it identifies "[t]he court" as the relevant actor directing pretrial production. See United States v. Carton, 17 Cr. 680 (CM), 2018 WL 4360781, at *1 (S.D.N.Y. Sept. 6, 2018) (determining that "the very plain and easily understood language" of the Rule says "the court . . . and no one else" may direct pretrial production but noting that "there is some dispute over this issue"). There is no express requirement for judicial approval for a Rule 17 subpoena returnable at trial.

The Court acknowledges that in drafting subdivision (c)(3) to Rule 17 the draftsmen used different and more explicit language in requiring prior court approval. See Rule 17(c)(3), Fed. R. Crim. P. ("After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." (emphasis added)). Some courts and commentators have adopted a more flexible interpretation of Rule 17(c)(1). See, e.g., United States v. Urlacher, 136 F.R.D. 550, 554–55 (W.D.N.Y. 1991) (describing the choice "to seek the court's aid" regarding "pretrial production pursuant to a subpoena duces tecum" as "prudent" but "not strictly

necessary"); 2 Charles Alan Wright et al., Federal Practice & Procedure § 275 (4th ed. April 2022 update) ("Some courts hold that the court's discretion must be invoked by motion in advance if a subpoena is to be made returnable in advance of the trial. This is an orderly and desirable procedure and one frequently followed, but the rule does not require it."); but see 25 James Wm. Moore et al., Moore's Federal Practice § 617.08 (2023) ("What is most significant is that the Rule includes a basis for subpoenaing documents for production before trial, as long as judicial approval is received.").

The wide variance in local and individual practices has resulted in a caveat in the official form subpoena issued by the Administrative Office of the United States Courts:

> Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

AO Form 89B (07/16). Notably, the government did not consult with the undersigned. It suffices here to hold that it is not proper to serve a Rule 17 subpoena without prior court approval when no trial or evidentiary hearing has been scheduled. The circumstances of this case do not call for the Court to otherwise define the precise contours of Rule 17.

With the subpoenas withdrawn and all materials provided pursuant to the subpoenas produced to the defendant, the defendant, as a remedy, seeks to require the government turn over all pretrial, trial, and grand jury subpoenas issued in the case, as well as

related correspondence, and the Court to bar the introduction of any evidence at trial that would have been responsive to the unapproved pretrial subpoenas. The government, in addition to withdrawing the subpoenas, has offered the defendant two options: (1) the government will destroy all documents produced to the government in response to the subpoenas, and which the government has supplied to the defense, provided the defense agrees to destroy their copies of the documents; or (2) the government will allow defendant to retain all documents provided by the government provided the defense agrees that the government may retain its copies. The remedy that the government has offered is sufficient in this instance. Cf. U.S. v. Montanez-Ortiz, 290 F.R.D. 33, 34 (D.Puerto Rico 2013) ("[A]s a modest sanction, the documents produced by the [third party] under the improperly-used subpoena will be made available to the [opposing party].").

In his reply, Goel appears to cut back on his original proposal to bar the introduction of all documents that would have been responsive to the subpoenas. He now argues that documents actually produced pursuant to the subpoenas should be excluded. Goel has that remedy at his disposal under the government's first proposal: both sides destroy any documents received as a result of the subpoenas. If Goel's proposal is that the government be barred from seeking the material pursuant to a new Rule 17(c) subpoena, then it is out or proportion with the circumstance presented. Defendant's proposed remedy of requiring production of trial and grand jury subpoenas and related correspondence is a non sequitur and will not be ordered, but the government is ordered to submit—ex parte and under seal—copies of the ten withdrawn subpoenas and any related correspondence for review by the Court.

Defendant's motion (ECF 27) is DENIED, provided that the government shall be bound by its offer regarding either joint destruction or joint retention of the documents received

pursuant to the subpoenas.  Defendant shall communicate its election to the government within 7 days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 22, 2023