

April 12, 2023

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>*United States v. Brijesh Goel*, No. 22-CR-396-PKC</u>

Dear Judge Castel:

      We represent Brijesh Goel in the above-referenced action and write to respectfully request that Your Honor reconsider certain pre-trial deadlines from Your Honor's endorsed order from earlier today. We are most concerned by the proposed deadlines that Mr. Goel produce his witness list by May 29 (two weeks prior to trial) and exhibit list by June 5 (one week prior to trial). The Court had informed the parties during a November conference that the Court did not impose deadlines for exhibit and witness lists and, as explained further below, we strongly believe that is the best practice, especially where Mr. Goel is not demanding that the Government produce an exhibit list or a witness list prior to trial. Deadlines of an exhibit list and witness list would impose an unfair burden on the defendant and thus we request that Your Honor revert to the Court's practice of not imposing such deadlines. If Your Honor wished to change that practice, we would request that Your Honor extend those two deadlines to the end of the Government's case-in-chief, and the Government can reciprocally serve its exhibit and witness lists right at the start of its case-in-chief. Although Mr. Goel does not oppose any other Court-imposed deadlines from Your Honor's endorsed order, we have a final request that the Court allow for the possibility of expert disclosures and motions *in limine* following the production of 3500 material.

      As an initial matter, we note that the Government mistakenly informed this Court that Mr. Goel's counsel did not respond to the Government's proposed deadlines. After receiving the Government's March 28 email with its proposed schedule, we replied to the Government the next day objecting to the expert disclosure deadline, and stated that we thought the expert disclosures and the motions *in limine* should be scheduled after the Government's production of its 3500/Giglio material. We had also previously informed the Government that we did not agree to the Government's proposal to produce exhibit and witness lists prior to the start of trial. As such, we believe Your Honor's April 12 endorsed order was made without the benefit of Mr. Goel's position regarding the Government's proposed discovery deadlines and without being informed that he had objected to some of the Government's proposed dates.[1]

---

[1] Mr. Goel's counsel were in the process of filing a letter objecting to the government's April 3 letter when the Order endorsing the letter was filed.

Regarding the witness list and exhibit deadlines, as Your Honor is aware, during the scheduling conference last November, the Court declined to impose a deadline on the Defendant for production of trial exhibits and witness lists and explicitly noted that the Your Honor did not have any requirement for providing exhibit and witness lists prior to trial.[2]  In our view, Your Honor's practice is consistent with not imposing an unfair burden on a criminal defendant to prepare a witness list and exhibit list prior to the conclusion of the Government's case-in-chief.  This is particularly so where Mr. Goel has not asked, and is not asking, this Court to impose any requirement on the Government to produce an exhibit list or witness list prior to trial.  The current deadline of identifying reasonably likely witnesses two weeks prior to trial is particularly burdensome and unfair on the Defendant, who (1) has outstanding trial subpoenas out that the Government—without standing to do so—has moved to quash, (2) has not yet received the Government's 3500 materials, and (3) has not seen the Government's case-in-chief.  With the current deadlines, we would have to err on the side of an abundance of caution to list many exhibits and many witnesses to ensure that we would be able to use such documents and call such witnesses depending on what may or may not happen during the Government's case-in-chief.  Mr. Goel respectfully requests that this Court revert to its original guidance from the November conference, and not impose a requirement on either side to produce exhibit lists or witness lists.  In the alternative, Mr. Goel respectfully requests that this Court modify its April 12 endorsed order to permit Mr. Goel to produce his exhibit list and witness list at the conclusion of the Government's case-in-chief, and reciprocally only require the Government to produce such lists at the start of its case-in-chief.

On a final note, while Mr. Goel does not object to an expert disclosure deadline or a motion *in limine* deadline as set forth in the endorsed order, it is possible that the Government's 3500 production may result in the need to add to and/or adjust our expert notice and motions *in limine* based on information that could not have been contemplated prior to the production.  Unfortunately, the charging instrument and the discovery have left gaping holes in the Government's allegations.  As such, Mr. Goel wishes to reserve his right to file any supplemental expert disclosures and motions *in limine* based on newly produced material.

Respectfully Submitted.

*/s/ Adam C. Ford*
ADAM C. FORD

---

[2]  After the Government asked us to consider agreeing on witness and exhibit lists, we asked Your Honor about the Court's requirements for witness and exhibit lists and Your Honor stated: "I don't have a requirement on that.  You may recall."  After the Government indicated it intended to produce exhibits and witness lists in advance of trial, Your Honor asked whether it would be reciprocal and noted that the parties can "talk through and see what happens." (Transcript, p. 31).

ADAM C. FORD    |    275 Madison Avenue, Fl. 24 NY, NY 10016    |    P: 212.858.0040    |    fordobrien.com

Ford O'Brien Landy LLP
275 Madison Avenue, Floor 24
New York, New York 10016
Office: 212.858.0040
aford@fordobrien.com

*Attorneys for Defendant Brijesh Goel*

cc: All Counsel of Record (via ECF and Email)