

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 13, 2023

VIA ECF

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    ***United States v. Brijesh Goel***
             22 Cr. 396 (PKC)

Dear Judge Castel:

      The Government respectfully submits this letter to oppose defendant Brijesh Goel's request that the Court "reconsider certain pre-trial deadlines" and adopt his preferred schedule with respect to witness lists and defense exhibits. (ECF Doc. 61). Goel, claiming that the Court set a pretrial schedule "without being informed that [the defense] had objected to some of the Government's proposed dates," principally contends that the current schedule unfairly burdens him. (*Id.*). Because Goel elected not to present his views to the Court, and because the Court's schedule is fair, there is no need for reconsideration. Goel's motion should be denied.

      Beginning as early as the November 17, 2022 conference in this matter, Government counsel has sought a mutually agreeable pretrial schedule with defense counsel. (ECF Doc. 23, Tr. 31 ("Mr. Naftalis: We are going to produce exhibits and a witness list in advance of trial. We will work with defense counsel as to a mutually convenient date." / The Court: That's going to be reciprocal, or not?" / Mr. Naftalis: "That would be my hope." / The Court: "You gentlemen can talk that through and see what happens.")).[1] As trial approached, the Government renewed that effort. As reflected in correspondence attached as Exhibit A, in a March 20, 2023 email the Government proposed expert disclosures by April 3, 2023; the defense never responded to that email. (Ex. A). As reflected in correspondence attached as Exhibit B, on March 28, 2023, the Government proposed various pretrial deadlines—including, again, a deadline of April 3, 2023 for expert disclosures. (Ex. B). The Government requested that the defense provide its position on those pretrial deadlines by March 30, 2023. (*Id.*). On March 29, 2023, the defense requested more time to consider the Government's proposal, noting, "I won't be able to provide expert notice in a few days." (*Id.*). Although the defense raised objection to the expert notice and motions *in limine*

---

[1] At that conference, the defense in fact committed to providing its Rule 26.2 materials three weeks before trial. (ECF Doc. 23, Tr. 29). The schedule proposed by the Government and adopted by the Court only requires the defense to provide these materials two weeks before trial.

schedule, and suggested that the Government produce 3500 material earlier than the current schedule,[2] the defense provided no response to the balance of the proposed schedule, including the proposed deadlines for reciprocal discovery to which the defendant now objects. That same day, the Government requested that the defense provide its position on the pretrial deadlines by April 3, 2023, noting that the defense had not responded to the Government's March 20, 2023 request for expert disclosures by April 3, 2023. (*Id.*). On April 6, 2023, having not heard anything from the defense, the Government indicated that it planned to submit its proposed schedule to the Court on April 7, 2023. (*Id.*). On April 7, 2023, having still not heard anything from the defense, the Government indicated that it planned to submit its proposed schedule to the Court in short order, and noted that the Government had adjusted the expert disclosure deadlines. (*Id.*). Shortly thereafter, having still not heard anything from the defense, the Government submitted its proposed schedule to the Court. (ECF Doc. 58). Goel had months to engage on this topic, weeks to respond substantively to the Government's proposal, and days to oppose the Government's filed motion. Goel's decision to respond substantively to the Government's proposal last night—only after the Court adopted the schedule—does not provide him with a basis to refashion the deadlines now. The only reason the Court did not know Goel's counterproposal before adopting the current schedule is because Goel did not provide it.

Goel's further argument that the pretrial schedule burdens him does not entitle him to belated relief, either. Goel asserts, for example, that he should be spared from having to produce a witness or exhibit list because he does not insist that the Government provide him with any witness or exhibit lists. But, of course, Goel will receive 3500 material a month before trial and so will have detailed insight into the Government's trial proof regardless of any witness or exhibit lists. Goel also asserts that he has not seen the Government's case-in-chief or received Rule 17 productions, so he cannot anticipate with specificity his witnesses or exhibits. But those arguments would suggest that requiring defendants to make reciprocal disclosures would never be fair, when the pretrial schedules routinely entered by judges of this District and the authorities marshalled by the Government in its letter motion (ECF Doc. 58) show otherwise. Moreover, the schedule proposed by the Government and endorsed by the Court takes into account these concerns, as it requires that the defendant produce "a list of witnesses *whom the defense reasonably expects to call in its case-in-chief*" and "a list of exhibits that *the defense reasonable[y] expects to introduce* during trial for non-impeachment purposes, *subject to good faith revision as the defense continues to prepare for trial*." (ECF Doc. 60 at 2 (emphasis added)). Requiring Goel to identify likely witnesses and exhibits two weeks in advance of trial is not burdensome or unfair, but rather is fairly designed to promote an orderly trial and prevent waste of time and resources on unnecessary argument and motion practice, and will avoid unfair surprise.

The Court should deny Goel's motion for reconsideration. Goel chose not to substantively engage with a pretrial schedule until after the Court adopted one; his own decision to delay entitles

---

[2] The defense proposal ignored the Court's observation at the November 17, 2022 conference that 3500 material was not intended to enable the defense to frame his motions *in limine*. (ECF Doc. 23, Tr. 30).

him to no relief now. In any event, the schedule the Court set is fair to both parties, will ensure an orderly trial, and should be maintained.

>Respectfully submitted,
>
>DAMIAN WILLIAMS
>United States Attorney
>
>By: ___/s/_____
>Joshua A. Naftalis
>Samuel P. Rothschild
>Andrew Thomas
>Assistant United States Attorneys
>(212) 637-2310/2504/2106

Enclosures

cc: Defense Counsel (by CM/ECF)