UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

UNITED STATES OF AMERICA

                                       :

     - v. -                                No. 22 Cr. 396 (PKC)

                                       :

BRIJESH GOEL,

                                       :

             *Defendant*.

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THE GOVERNMENT'S MOTIONS *IN LIMINE*


                                               DAMIAN WILLIAMS
                                               United States Attorney
                                               Southern District of New York
                                               One St. Andrew's Plaza
                                               New York, New York 10007


Joshua A. Naftalis
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
- Of Counsel -

The Government respectfully moves *in limine* for orders precluding the defendant Brijesh Goel from eliciting evidence or making arguments to the jury regarding (a) the potential punishment and collateral consequences that may follow his conviction, including the likelihood that he will be deported from the United States, and (b) the existence of a purported alternative tipper who provided Akshay Niranjan with material, non-public information ("MNPI").

## BACKGROUND

The evidence at trial will show that Brijesh Goel was an investment banker at Goldman Sachs in New York, New York. In that position, Goel received confidential, internal emails that contained detailed information and analysis about potential merger-and-acquisition transactions that Goldman Sachs was considering financing. In violation of the duties that he owed to Goldman Sachs, Goel misappropriated MNPI and tipped his friend Akshay Niranjan (who will testify at trial pursuant to a non-prosecution agreement) with the names of potential target companies from these emails, typically during in-person meetings, such as when the two met to play squash. Niranjan then used that MNPI to trade call options, including short-dated, out-of-the-money call options, in brokerage accounts that were in the name of Niranjan's brother. Goel and Niranjan agreed to split the profits from their trading. Between approximately 2017 and 2018, Goel tipped Niranjan on at least seven deals in which Goldman Sachs was involved, yielding total illegal profits of approximately $280,000.

After he became aware of the Government's and the Securities and Exchange Commission's respective investigations, Goel sought to obstruct them by deleting and causing Niranjan to delete electronic communications regarding their insider trading scheme from their cellphones, including during an in-person meeting that Niranjan consensually recorded on June 10, 2022.

## ARGUMENT

### POINT I

### THE COURT SHOULD PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE POTENTIAL CONSEQUENCES OF CONVICTION, INCLUDING DEPORTATION

The defendant should be precluded from offering evidence or argument concerning the punishment or collateral consequences he faces if convicted, including deportation. Where the jury has no role at sentencing—such as in this case—it "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon* v. *United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers* v. *United States*, 422 U.S. 35, 40 (1975)). That is so for good reason: Argument concerning punishment "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* As a result, "'[c]ourts have routinely precluded evidence of possible punishment,'" *United States* v. *Reese*, 933 F. Supp. 2d 579, 583 (S.D.N.Y. 2013) (quoting *United States* v. *Del Rosario*, No. 12 Cr. 81 (KBF), 2012 WL 2354245, at *2 (S.D.N.Y. June 14, 2012)), "including deportation," *Del Rosario*, 2012 WL 2354245, at *2, as well as other "arguments aimed at jury nullification," *Reese*, 933 F. Supp. 2d at 583. The Court should do the same here.

### POINT II

### THE COURT SHOULD PRECLUDE EVIDENCE AND ARGUMENT REGARDING A PURPORTED ALTERNATIVE TIPPER

Goel has suggested to the Government and in filings with the Court that he may intend to elicit evidence and argue to the jury that someone besides Goel tipped Niranjan with MNPI. (*E.g.*, Dkt. 59, at 9 ("third party documents reflecting trading information that made it to Niranjan in some other way than a tip by Goel would be material evidence to support Goel's

defense")). In the absence of a particularized evidentiary proffer, any attempt to offer alternative perpetrator argument or evidence should be precluded.

Where the purported relevance of evidence is based on the defendant's assertions that another person could have committed the charged offenses, the Second Circuit has admonished courts to "be sensitive to the special problems presented by 'alternative perpetrator' evidence." *Wade* v. *Mantello*, 333 F.3d 51, 61 (2d Cir. 2003) (quoting *United States* v. *McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998)). Before permitting the defendant to introduce evidence that someone else could have committed the crimes with which the defendant is charged, the Court "must ensure that the defendant shows a sufficient . . . nexus between the crime charged and the asserted alternative perpetrator." *United States* v. *Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019) (internal quotation marks and citation omitted); *accord United States* v. *Ulbricht*, 858 F.3d 71, 118 (2d Cir. 2017). "It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion." *McVeigh*, 153 F.3d at 1191.

In *United States* v. *Hendricks*, the Second Circuit affirmed the preclusion of evidence purportedly showing third-party culpability because the defendant's proffer was "insufficient to show the required nexus," noting that "[a]lthough the evidence [the defendant] cites might tend to show that [the third party] knew about the robbery, none of the evidence places [the third party] anywhere near the robbery scene or suggests that he was otherwise involved in the crime." 921 F.3d at 331. Similarly, the Second Circuit approved the preclusion of certain alternate tipper evidence in *United States* v. *Gupta*, where the defense had argued that another person "could well have been the source of the alleged tips," but proffered no evidence to show the alternative tipper had access to the confidential information. 747 F.3d 111, 138 (2d Cir. 2014).

Based on the current record, any attempt by Goel to argue that another person was the source of the tips Niranjan used to trade would be irrelevant and would run afoul of Rule 403, and, depending on its form, would likely be based on inadmissible hearsay. The Court should therefore preclude any evidence or argument by Goel related to an alternate tipper unless and until Goel makes a good faith proffer of relevant, admissible evidence. *See Gupta*, 747 F.3d at 137.

Dated: New York, New York
      April 28, 2023

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney

By:     /s/
                          Joshua A. Naftalis
                          Samuel P. Rothschild
                          Andrew Thomas
                          Assistant United States Attorneys