UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
UNITED STATES OF AMERICA                                   :
                                                           :
                                                           :
                                                           :
         -against-                                         :     Case No. 1:22-cr-396-PKC
                                                           :
                                                           :
                                                           :
BRIJESH GOEL,                                              :
                                                           :
                        Defendant.                         :
-----------------------------------------------------------x

## BRIJESH GOEL'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE*

Brijesh Goel ("Goel") respectfully submits this Memorandum of Law in Opposition to the Government's motions *in limine* ("Gov. Mem.") for orders precluding Goel from eliciting evidence or making arguments to the jury regarding (a) the potential punishment and collateral consequences that may follow his conviction, including the likelihood that he will be deported from the United States, and (b) the introduction of any alternative tipper without making the requisite proffer.

## ARGUMENT

**I.   Goel does not intend to argue collateral consequences of conviction but is entitled to cross examine the cooperating witness regarding his bias stemming from his fear of immigration consequences.**

The government purports to seek to preclude Goel from eliciting evidence or making arguments to the jury about the potential punishment and collateral consequences that may follow his conviction, including the likelihood that he will be deported from the United States. Goel, of course, has no intention of making such arguments, as plainly they would be improper. That said, as the government well knows, its main cooperator, Akshay Niranjan, had fears

1

regarding his immigration status and possible deportation, discussed on both audio recordings that will be played during trial, and were a focal point in his and his lawyer's statements that ultimately convinced the government to offer him a non-prosecution agreement in exchange for his testimony against Goel.  Indeed, the 3500 material produced to date makes clear that one of Niranjan's primary concerns was immigration consequences, including avoiding deportation, and being able to stay in the United States.  A focal point in Niranjan's counsel's presentations to the government was Niranjan's desire to avoid immigration consequences.

  Goel should be able to cross-examine Niranjan regarding bias and a desire to avoid any immigration consequences.  "It is a clearly established principle of Supreme Court jurisprudence that the Confrontation Clause requires that a criminal defendant be afforded a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony." *Brinson v. Walker,* 547 F.3d 387, 392 (2d Cir.2008); *see also United States v. Figueroa,* 548 F.3d 222, 227 (2d Cir.2008) ("One way of discrediting a witness is 'cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.'" (quoting *Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)).  "[A] defendant is entitled to broad latitude to probe credibility by cross-examination...." (*On Lee v. United States,* 343 U.S. 747, 757, 72 S.Ct. 967, 96 L.Ed. 1270 (1952)).)  Goel is entitled to cross examine Niranjan on all issues bearing on his bias, including his fear of immigration consequences brought on by the government's investigation into him.  "A trial judge abuses his discretion in curtailing cross-examination of a government witness when the curtailment denies the jury sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying

falsely in favor of the government." *United States v. White*, 692 F.3d 235, 248 (2d Cir. 2012) (quoting *United States v. Blanco*, 861 F.2d 773, 781 (2d Cir. 1988)).

The government's own case supports this view. Although the Court in *Del Rosario* precluded evidence of possible punishment or immigration consequences to the defendant if convicted, the *Del Rosario* Court also found that the immigration implications of a cooperating witness was ripe for cross-examination. *United States v. Del Rosario*, No. S1 12 Cr. 81 (KBF), 2012 WL 2354245, at *4 (S.D.N.Y. June 14, 2012) ("[A]ny references to punishment and/or immigration status are precluded unless in the context of immigration assistance known in good faith to be part of an agreement between a cooperating witness and the Government (in which case, a proffer should be made to the Court prior to use, and of course outside the presence of the jury).") *Id*. Here, there is exactly a non-prosecution agreement, between a cooperating witness and the government, that helped Niranjan avoid deportation. Goel should be afforded the opportunity to proffer deportation evidence to the Court before the jury in this circumstance, where the government's cooperating witness and alleged co-conspirator received certain immigration benefits in exchange for cooperating against Goel, who faces the same potential deportation consequences.

**II.    Goel is aware of his obligations prior to presenting evidence of an alternative tipper.**

The government seeks to preclude Goel from presenting evidence of an alternative tipper unless he makes the requisite showing to the Court. Goel understands his obligations and will make such a showing if and when appropriate.

## CONCLUSION

For the forgoing reasons, the Court should deny the government's motion to the extent it seeks to improperly curtail Goel's cross examination of Niranjan, and deny the government's motion regarding a potential alternative tipper as not ripe.

Dated:   New York, New York        By:     */s/* Adam C. Ford
         May 19, 2023                                ADAM C. FORD
                                                    FORD O'BRIEN LANDY LLP
                                                    275 Madison Avenue, Floor 24
                                                    New York, NY 10016
                                                    Telephone: 212.858.0040