

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 15, 2023

BY ECF & BY EMAIL

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *United States v. Brijesh Goel*
      22 Cr. 396 (PKC)

Dear Judge Castel:

  The Government respectfully writes in response to the Court's draft instructions, Court Exhibit 3. The Government requests that the Court consider amending Court Exhibit 3 as described below.

  First, the Government proposes that the Court amend the "Use of Recordings and Transcript instruction," Instruction XIX, page 17, to clarify that the foreign language portions of the transcripts are substantive evidence and that the English language portions of the transcripts are an aid. To that end, the Court might consider the following instruction:

> In connection with the recordings that you have heard, you were given transcripts of the conversations to assist you. I told you then and I remind you now, the transcripts of English language recordings are not evidence. It is the recordings that are evidence. The transcripts were provided as an aid to you while you listened to the recordings. It is for you to decide whether the transcripts correctly present the conversations as they are heard on the recordings you have listened to. If you perceive any difference between the recording and the transcript, it is the recording that controls.
>
> However, the English-language translations of any foreign-language recording or portion of a recording are evidence. Although some of you may know foreign languages, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English translations.

The Government's proposal is adapted from the charges given in *United States v. Ernesto Lopez et al.*, 18 Cr. 06 (DLC) (S.D.N.Y. 2019), and *United States v. Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011).

Second, the Government proposes that the Court amend the "Charts, Tables and Summaries," Instruction XXI, page 18, to clarify that different types of charts will have been admitted by the close of the case:

> The parties presented exhibits in the form of charts and summaries. As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits. I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits upon which they were based.

The Government's proposal is adapted from the charge in *United States v. Milton*, 21 Cr. 478 (ER) and the holdings of *United States v. Yousef*, 327 F.3d 56, 158 (2d Cir. 2003), and *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989).

Third, on page 25, the Government proposes to strike the word "using" from the second sentence of the second paragraph, and to add additional language to clarify that the law forbids not only trades made by the insider who converts confidential information for person use but also tips by the insider to another for the purposes of trading. *See Salman v. United States*, 580 U.S. 39, 41 (2016). The Government also requests the addition of language that clarifies two further points: (a) trading "in knowing possession" is sufficient to establish that the trading was "on the basis of" inside information and (b) that the self-serving use of confidential information is an act of fraud (additions in italics):

> For purposes of these charges, an insider is a person who possesses material, nonpublic information about a publicly traded company by virtue of a relationship that involves a duty of trust and confidence. When a person has such "inside" information and his position of trust and confidence prohibits him from disclosing that information, the law forbids him from buying or selling the securities in question. *It also forbids him from providing that information to another for trading.* This is true whether the insider uses the inside information *for trading* in the securities of the company in which he is an insider or *for trading* in the securities of another company, or *to tip another person for trading*. Insider trading may occur when a person

> *misappropriates material, confidential information and then trades, or tips another for trading, in breach of the duty of confidentiality he or she owes to the source of that information. That person's undisclosed, self-serving use of confidential information to purchase or sell securities in breach of the duty of loyalty and confidentiality defrauds the principal of the exclusive use of that information.*

*See United States v. Royer*, 549 F.3d 886 (2d Cir.2008) (insider trading occurs where defendants traded while in "knowing possession" of nonpublic information material to those trades); 17 C.F.R. § 240.10b5–1(b) ("[A] purchase or sale of a security of an issuer is 'on the basis of' material nonpublic information about that security or issuer if the person making the purchase or sale was aware of the material nonpublic information when the person made the purchase or sale.").

Fourth, on page 43 (at the bottom of the page) and page 45 (at the top of the page), the Court Exhibit 3 summarizes the definition of "willfully," which had been more fully defined on page 30, but the phrasing differs between the pages. The Government proposes that the phrasings on page 43 and page 45 be standardized to avoid confusion. The Government suggests using the phrase: "'willfully'" means to act with a "'bad purpose.'" *See Bryan v. United States*, 524 U.S. 184, 191-92 (1998); *United States v. Kukushkin*, 61 F.4th 327, 331 (2d Cir. 2023).

Fifth, the Government proposes that the third full paragraph on page 35 be revised to account for the defendant's position that he will not stipulate that the securities in this case—those of Lumos, Patheon, PharMerica, Calgon Carbon, Spirit, and Sprint—are securities of a company with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and thus within the scope of Title 18, United States Code, Section 1348.

Section 12 of the Securities Exchange Act, which is codified at Title 15, United States Code, Section 78*l*, requires, in relevant part, that a company register its securities before its securities may trade on a national securities exchange. Accordingly, the fact that a company lawfully has a class of shares trading on a national securities exchange demonstrates that the issuer has a class of securities registered under Section 12 of the Securities Exchange Act. *See, e.g.*, *United States v. Ramsey*, No. 19 Cr. 268, 2022 WL 596378, at *13 & n.10 (E.D. Pa. Feb. 28, 2022) (discussing reach of Section 1348 and noting probative value of evidence that stock traded on national exchange). Here, the record already contains abundant and unchallenged evidence that the companies at issue traded on NASDAQ and NYSE. *See, e.g.*, GX-103 at 4 (LUMOS trades on NASDAQ); GX-108 at 5 (Patheon trades on NYSE); GX-112 at 34 (PharMerica trades on NYSE); GX-116 (CCC trades on NYSE); GX-136 at 5 (Spirit trades on NYSE); GX-115 at 13 (Sprint trades on NYSE); *see also* Tr. 213-214 (Carocci testimony that NYSE and NASDAQ are stock exchanges). Accordingly, the Government proposes that the third full paragraph on page 35 be revised as follows:

> If you find that the securities you are considering were traded on a national securities exchange, such as NASDAQ or NYSE, I instruct you that those securities are securities of a company with a class of securities registered under Section 12 the Securities Exchange Act of 1934.

The Government is prepared to proceed with a charge conference at the Court's earliest convenience.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney
>
> By: /s/
> Joshua A. Naftalis
> Samuel P. Rothschild
> Andrew Thomas
> Assistant United States Attorneys
> (212) 637-2310/2504/2106

cc: Defense Counsel (by ECF)