

November 15, 2023

**VIA ECF AND E-MAIL**

Honorable P. Kevin Castel
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Dear Judge Castel:

    We write pursuant to the Court's order dated November 1, 2023, regarding an appropriate amount of restitution that should be imposed on Brijesh Goel as part of his sentencing. As explained in more detail below, this Court cannot determine the proper amount of restitution until Goldman Sachs produces unredacted copies of Millbank LLP timesheets, consistent with the requirements set forth in *United States v. Afriyie*, 27 F4th 161 (2d Cir 2022), and as utilized by the court in *United States v. Buyer*, 22 Cr. 397 (RMB), Dkt. 148. ("The Court requests unredacted restitution submissions (affidavit plus billing records) detailing the work performed and the amounts sought to be compensated for the principal attorney's legal fees that are directly related to this criminal prosecution.")

    The Mandatory Victims Restitution Act ("MVRA") requires defendants convicted of certain crimes to reimburse their victims for "lost income … and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). The law of this Circuit, as detailed in *Afriyie*, explained that "the words investigation and proceedings are limited to government investigations and criminal proceedings" and specifically not SEC investigations. *Afriyie*, at 172-173.

    Under the MVRA, "victim expenses that are recoverable as restitution" are those that "the victim was required to incur to advance the investigation or prosecution of the offense." *United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014). Although the district court does have "broad discretion" to "reasonabl[y] estimate" the actual loss "based on the evidence before it," *United States v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007), the Court must first have a clear understanding of which expenses were related and necessary to advance the investigation or prosecution of the offense, *Lagos v. United States*, 138 S. Ct. 1684, 1689 (2018) (finding that the MVRA is, on its face, limited to 'necessary . . . other expenses") (quoting 18 U.S.C. § 3663A(b)(4)).

    The government here has not come close to satisfying its burden to establish that the $393,148.79 in attorneys' fees for Goldman Sachs were in fact necessary. Goldman Sachs

submitted a restitution claim for $393,148.79 in which it includes heavily redacted time entries from the law firm Milbank LLP that represented it in this matter. The 48 pages of time sheets are color-coded, purportedly divided up to represent (1) time spent only on the criminal investigation (white), (2) time only on the SEC investigation (yellow), and "overlapping time" (blue), meaning time that Goldman Sachs "determined would have been spent on productions in the criminal matter even if there were no SEC matter." (Gov. Nov 1 Ltr.). The Government asks this Court to impose a restitution amount that covers not just the DOJ time, but all of the "overlapping time." According to the restitution request, this amounts to $393,148.79.

The Second Circuit in *Afriyie,* however, forecloses this amount of restitution being ordered on this record. Indeed, prior to entering any order of restitution, Goldman Sachs must first produce unredacted time sheets so that this Court may properly determine which entries relate solely to the DOJ matter. The *Afriyie* court foreclosed restitution orders based on commingled time entries.

Specifically, the *Afriyie* court explained:

> We are also unpersuaded that coordination between USAO and SEC investigations renders SEC expenses recoverable. The government points out that Sullivan & Cromwell generally made simultaneous productions to the USAO and the SEC. Gov't Br. at 24-25. On this basis, it urges that the district court did not abuse its discretion in determining that the expenses incurred in responding to nearly identical USAO and SEC document requests were "necessary" expenses. But the government conflates two distinct inquiries. Before determining whether an expense was necessary, we must determine whether it was incurred pursuant to an investigation covered by the statute. And, for the reasons above, we conclude as a matter of statutory interpretation that when the MVRA refers to "investigation," it does not mean an SEC investigation.

> Still, we add a practical note. Our ruling will require the district court to again review Sullivan & Cromwell's timesheets. See App'x at 58-163. The government notes that some time entries reflect work on both the civil and criminal investigations. Of course, there are also numerous entries reflecting work Sullivan & Cromwell did solely in connection with the SEC investigation. We reiterate that although the fees for the law firm's work on the SEC investigation are not recoverable, the fees for the firm's work on the USAO investigation are. We trust the district court to devise a reasonable solution concerning these commingled billing items

when recalculating MSD's recovery. *United States v. Afriyie*, 27 F.4th 161, 172-73 (2d Cir. 2022).

Unlike the entries in *Afriyie* in which Goldman Sachs argued that they made the same productions to both the SEC and DOJ simultaneously, nothing in the time sheets submitted here suggest simultaneous productions. Moreover, the time entries submitted by the Government make it impossible for the District Court to do its job because they are so heavily redacted as to make disentangling the commingled entries impossible.

Even on the current record this Court should not award $393,148.79 in restitution because that number includes recovery for time entries *plainly related only to the SEC investigation*. By way of limited example, on page 48, the last page of the time entries, the chart asserts that the total amount of time on both matters (DOJ and SEC) was $405,789.17 and the total amount for only the SEC matter is $393,148.79.[1] In other words, according to Goldman Sachs, the "SEC-only work" accounted for all but $12,640.38 of the total fees.[2] Without the unredacted copies of these time sheets it is impossible for this Defendant or this Court to properly review and determine the proper amount of restitution under *Afriyie*.

Even without redacted time entries, however, the Governments seeks restitution for time that on its face is for SEC-only time, even though it claims to be for the DOJ investigation. Indeed, every page in blue which is for "overlapping time" contains time entries that explicitly only reference an SEC subpoena or SEC production or work that could have only been done only on the SEC case. For example, Goldman Sachs claims that time to "Draft FOIA cover letter for first SEC production" (pg. 3, 2/24/2022 entry) was work that would have been done "even if there were no SEC matter." Literally every page of the time sheets is replete with explicit references only to SEC work for which the Government claims is really work for the DOJ matter.[3] *Afriyie* precludes any award based on all of these time entries.

This Court should conclude that the "overlapping" entries that refer to work done on the SEC case are properly categorized as SEC work for which Goldman Sachs cannot seek restitution. Indeed, based on these time sheets, this Court can and should conclude that the most the Court can order for restitution is the amounts for the time entries color-coded white—that is the fees assessed solely for the DOJ case. That amount totals $166,607.09.

The overwhelming number of entries in the DOJ-only column appear to be assisting the government prepare for trial and, for among other things, preparing witnesses to testify. The

---

[1] According to the government's November 1, 2023 cover letter, this number "reflects the total amount Goldman Sachs incurred on the two matters, as well as the total minus the "SEC-only time."
[2] The total amount of all yellow (SEC-only) entries appears to be $14,446.04.
[3] The SEC referenced entries are literally too many to note and are included in almost every "overlapping entry." Mr. Goel has reason to believe that unredacted entries would further illustrate the extent to which Goldman Sachs seeks restitution for work done on the SEC case, and which it is not entitled.

Court should also deduct these entries. While of course a corporation must respond to a lawfully issued subpoena, and of course any witness who receives a subpoena must appear to testify, passing on voluntary legal fees expended in assisting the government's case-in-chief and preparing witnesses to testify goes far beyond what is "necessary" and foreseeable under the MVRA. For this reason, we believe all entries in which Milbank engaged in work beyond that necessary to respond to document subpoenas should be excluded, which would result in a restitution amount of $123,923.76. We note how perverse it would be if Mr. Goel's exercise of his constitutional right to present a defense were infringed upon by the belief that exercising such a right would expose him to being required to pay for the preparation of government trial witnesses. There is no language in the MVRA that remotely suggest courts should give the government and companies carte blanche authority to fee shift the cost of the preparation of government witnesses. There are serious Sixth Amendment confrontation clause and right to present a defense concerns, and Fifth Amendment due process concerns, if Mr. Goel (and other criminal defendants) are required to pay the legal fees of the government's witnesses.

For the reasons stated herein, prior to this Court issuing an award of restitution, Goldman Sachs should be ordered to produce unredacted time entries. In the alternative, this Court should order restitution in an amount of $123,923.76.

Respectfully submitted,

_____
Adam C. Ford
FORD O'BRIEN LANDY LLP
275 Madison Ave, Fl 24
New York, NY 10016
aford@fordobrien.com

cc: All Counsel of Record (Via ECF)

4

ADAM C. FORD    |    NEW YORK · AUSTIN · MIAMI    |    P: 212.858.0040    |    fordobrien.com